# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| M-I DRILLING FLUIDS UK LTD. and M-I LLC, | Civil No. 14-4857 (JRT/HB) |
| Plaintiffs/Counter-Defendants, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| DYNAMIC AIR INC., | |
| Defendant/Counter-Claimant. | |

Scott J. Pivnick, **ALSTON & BIRD LLP**, 950 F. Street, N.W., Washington, DC  20004, and Eric H. Chadwick, **PATTERSON THUENTE CHRISTENSEN PEDERSEN, PA**, 80 South Eighth Street, Suite 4800, Minneapolis, MN  55402, for M-I Drilling Fluids UK Ltd. and M-I LLC.

Alan G. Carlson, Todd S. Werner, and Nathan Louwagie, **CARLSON CASPERS VANDENBURGH LINDQUIST & SCHUMAN PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN  55402, for Dynamic Air Inc.

Plaintiffs M-I Drilling Fluids UK Ltd. and M-I LLC (collectively "M-I Drilling") brought a patent infringement action against defendant Dynamic Air Inc. ("Dynamic Air"), but have now decided not to continue pursuing their claims and have granted Dynamic Air a release and covenant not to sue.  M-I Drilling now moves the Court to dismiss its action without prejudice based on that covenant.  Because the Court finds dismissal is proper and would not result in prejudice to Dynamic Air, it will grant M-I Drilling's motion, and dismiss all claims and counterclaims without prejudice.

## BACKGROUND

M-I Drilling filed its complaint on November 15, 2014, alleging that Dynamic Air infringed several of M-I Drilling's patents related to conveyance systems. (Compl., Nov. 25, 2014, Docket No. 1.) Even though the case had been pending for over a year, United States Magistrate Judge Hildy Bowbeer characterized discovery as "in an early stage" in February 2016, caused in part by "complications involved in obtaining discovery in foreign jurisdictions and from non-parties." (Order at 5, Feb. 19, 2016, Docket No. 203.) Dynamic Air completed production of "core technical documents" and M-I Drilling took their "first substantive depositions" in late February 2016. (*Id.* at 5-6; *see also* Decl. of Scott J. Pivnick ("Pivnick Decl.") ¶ 6, May 6, 2016, Docket No. 216.)

Based on the documents and testimony produced by Dynamic Air, M-I Drilling decided to cease pursuing its claims against Dynamic Air earlier this year. (Pivnick Decl. ¶ 6.) M-I Drilling states that this decision was based on Dynamic Air's document production and testimony from its corporate representative suggesting that Dynamic Air was not involved in the "design, manufacture, installation, testing, and operation of the Accused Systems." (*Id.*) M-I Drilling contends that it first indicated to Dynamic Air that it intended to settle the dispute on March 4, 2016. (*Id.* ¶ 7.) On April 4, 2016, M-I Drilling granted Dynamic Air a "Release and Covenant Not to Sue," effective March 11, 2016. (*Id.* ¶ 8; *id.*, Ex. C.) Following Dynamic Air's request for several changes, M-I Drilling issued an amended "Release and Covenant Not to Sue" on May 6, 2016, effective May 3, 2016. (Pivnick Decl. ¶ 8; *id.*, Ex. D ("Am. Covenant").)

The amended covenant provides that M-I Drilling "forever releases and unconditionally and irrevocably covenants not to sue or assert any claim or demand for patent infringement under 35 U.S.C. § 271 . . . against Dynamic Air Inc. . . . for the Asserted Patents, based on [its] manufacture, delivery, installation, importation, use, sale, or offer for sale of the Accused Systems." (Am. Covenant at 2.) M-I Drilling also agreed "not to assert any claim or demand based on or arising out of any activities or interactions between M-I Drilling and Dynamic Air Inc. occurring on or before the Effective Date." (*Id.*) Finally, M-I Drilling "discharge[d] Dynamic Air Inc. for any past damages, including attorney fees, court costs, or any other form of claim or compensation, whether known or unknown, relating to the Patent Claims and/or the Remaining Claims." (*Id.*) The agreement specifically states that it does not extend to Dynamic Air's Brazilian subsidiary, Dynamic Air Ltda., which is not a party to this action. (*Id.*)

M-I Drilling now moves the Court to dismiss its infringement claims without prejudice under Federal Rule of Civil Procedure 41(a)(2) and to dismiss Dynamic Air's counterclaims under Rule 12(b)(1) for lack of subject matter jurisdiction. (Mot. to Dismiss, May 6, 2016, Docket No. 211.) The parties generally agree about the dismissal, but could not reach an agreement on the proper language for a stipulation of dismissal – particularly with regard Dynamic Air's ability to seek attorneys' fees or to bring antitrust claims at a later date. (Pivnick Decl. ¶ 9.) After responding to this motion, Dynamic Air also brought a motion for attorneys' fees, which is now pending before the Magistrate Judge. (Mot. for Att'y Fees, June 3, 2016, Docket No. 228.)

## ANALYSIS

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Whether to allow voluntary dismissal is within the discretion of the court, and the court considers "whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted).

Here, M-I Drilling has provided a proper explanation for dismissal based on the release and covenant not to sue that it granted Dynamic Air. Due to that covenant, there is no longer an active case or controversy before the Court. Dismissal also will not result in a waste of judicial time or effort because this case is still in the early stages of discovery, and M-I Drilling will not be able to bring the same claims again later due to its covenant not to sue.

Finally, Dynamic Air will not be prejudiced by dismissal. Because of the complete release and covenant not to sue regarding the prior claims, Dynamic Air need not fear a future action on the same grounds.[1] This dismissal also does not preclude Dynamic Air from seeking attorneys' fees – including its pending motion, which will continue before the Magistrate Judge – because motions for attorney's fees are properly brought after a judgment. *See* Fed. R. Civ. P. 54(d) (providing for post-judgment

---

[1] Although the dismissal will be without prejudice, as contemplated by the parties and preferred under Rule 41(a)(2), this result is essentially the same as a dismissal with prejudice because of the release and covenant not to sue.

attorney's fees); 35 U.S.C. § 285 (allowing an award of attorney fees "to the prevailing party"). Finally, this order should not preclude Dynamic Air from pursuing antitrust relief in the future if it so chooses. *See, e.g., Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 670-71 (1944) (treating an antitrust claim as a permissive rather than compulsory counterclaim with regard to a prior patent infringement action); *Agrashell, Inc. v. Hammons Prods. Co.*, 479 F.2d 269, 287 (8th Cir. 1973) (citing *Mercoid* and finding that a later-filed antitrust claim was a permissive rather than compulsory counterclaim in the prior patent infringement action). Thus, the Court finds that dismissal at this stage will not prejudice Dynamic Air in any manner.

In sum, because M-I Drilling has agreed to cease pursuing its claims against Dynamic Air – leaving no pending dispute before the Court – and because dismissal at this stage will not waste judicial resources or prejudice Dynamic Air, the Court will dismiss all claims and counterclaims without prejudice.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that M-I Drilling's Motion to Dismiss [Docket No. 211] is **GRANTED**. M-I Drilling's claims and Dynamic Air's counterclaims are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 19, 2016　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court