## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| M-I DRILLING FLUIDS UK LTD. and M-I LLC, | Civil No. 14-4857 (JRT/HB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |
| v. | |
| DYNAMIC AIR INC., | |
| Defendant. | |

---

Scott J. Pivnick, **ALSTON & BIRD LLP**, The Atlantic Building, 950 F. Street Northwest, Washington, DC  20004, for plaintiffs.

Alan  G.  Carlson, **CARLSON  CASPERS  VANDENBURGH LINDQUIST  &  SCHUMAN  PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN  55402, for defendant.

In this patent case, the prevailing party, Defendant Dynamic Air Inc. ("DAI"), filed a motion for reasonable attorney fees, expert-witness fees, and costs incurred by DAI in defending this action brought by Plaintiffs M-I Drilling Fluids UK Ltd. and M-I LLC (collectively "M-I").  (Def.'s First Mot. for Attorney Fees, June 3, 2016, Docket No. 228.)  The Court granted DAI's motion in part, finding this case "exceptional" under 35 U.S.C. § 285.  (Mem. Op. & Order at 20-21, Mar. 30, 2017, Docket No. 281.)  Pursuant to the Court's order, DAI filed a second motion and supporting documents, arguing that it should be awarded approximately $2.07 million.  (Def.'s Second Mot. for Attorney Fees, Apr. 20, 2017, Docket No. 285.)  United States Magistrate Judge Hildy Bowbeer issued a Report  and  Recommendation  ("R&R"),  recommending  that  DAI  be  awarded

approximately $1.36 million of the $2.07 million that it requested. (R&R at 47-49, Jan. 26, 2018, Docket No. 367.) Both DAI and M-I filed objections to the R&R. (Def.'s Objs., Feb. 23, 2018, Docket No. 375; Pls.' Objs., Feb. 23, 2018, Docket No. 376.) Because the $1.36 million that the Magistrate Judge recommended be awarded is reasonable, and because the amounts that the Magistrate Judge recommended be excluded are not reasonable (with one exception), the Court will generally overrule the parties' objections, adopt the R&R in part, and grant DAI's motion in part.

## I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thus, the Court will review the parties' objections de novo.

## II.    DAI'S PROPOSED AWARD

The Magistrate Judge recommended that DAI be awarded approximately $1.36 million of the $2.07 million that it requested. (R&R at 47-49.) DAI objects to several portions of its request that the Magistrate Judge recommended be excluded from the award, and M-I objects to the entire award as being unreasonable. The Court will generally overrule the parties' objections. But the Court will sustain DAI's objection to

the Magistrate Judge's denial of data-hosting and management costs, as those costs are documented in invoices submitted to DAI.

### A.    DAI's Objections

#### 1.    Inter Partes Review

The Magistrate Judge recommended denying DAI approximately $460,000 in fees and costs associated with inter partes review ("IPR").  DAI argues that denial of its IPR-related fees and expenses punishes it for pursuing resolution via a more cost-conscious route.  But that argument assumes that the Court would award DAI the same (or more) fees and expenses for pursuing a similar validity challenge in district court to the same extent that DAI pursued it before the U.S. Patent and Trademark Office.  Similar to DAI's fees related to its unasserted antitrust counterclaims – which the Magistrate Judge recommend be denied and to which DAI does not object – DAI's IPR-related fees and expenses were not "expended in furtherance of successful claims, or of claims closely related to successful claims."  *Whitworth v. Nat'l Enter. Sys., Inc.*, No. 08-968, 2010 WL 1924505, at *6 (D. Or. Apr. 21, 2010), *R&R adopted*, 2010 WL 1923673 (D. Or. May 11, 2010).  DAI prevailed in this action because M-I's infringement theories were meritless, not because M-I's patents were invalid.  (Mem. Op. & Order at 16-17.)

It is true that IPRs have become quite common in modern patent disputes.  *See* Brian J. Love & Shawn Ambwani, *Inter Partes Review: An Early Look at the Numbers*, 81 U. Chi. L. Rev. Dialogue 93, 103 (2014).  But the IPRs pursued legal theories that had no bearing on the (1) ultimate resolution of this case or (2) when this case resolved.  Awarding DAI almost half a million dollars for IPRs that proved irrelevant would go too

far. The Court will therefore overrule DAI's objection in this respect, adopt this portion of the R&R, and deny DAI its fees and expenses related to the IPRs.

### 2.    Data-Hosting and Management Costs

DAI argues that it should be awarded $15,032.06 for data-hosting and management costs. The Magistrate Judge recommended denying DAI these costs, finding that DAI's counsel, the Carlson Caspers law firm, did not bill DAI for these costs. But Carlson Caspers's invoices to DAI clearly show each of these costs on the "Disbursements" section, i.e., a disbursement to a third party paid by Carlson Caspers, for which Carlson Caspers billed DAI, and for which DAI paid Carlson Caspers. Each of the line-items on the spreadsheet[1] of data-hosting and management costs that DAI seeks appears on various invoices.[2] The Court will therefore sustain DAI's objection in this respect, reject this portion of the R&R, and award DAI $15,032.06 for data-hosting and management under § 285.

### 3.    Prejudgment Interest

DAI seeks prejudgment interest on its award. But DAI did not request prejudgment interest in its second attorney-fees motion. DAI has therefore waived the right to seek prejudgment interest, and the Court declines to exercise its discretion to award DAI prejudgment interest. *See Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir.

---

[1] (Decl. of Scott J. Pivnick ¶ 63, May 11, 2017, Docket No. 305; Sealed Ex. JJ at 73, May 11, 2017, Docket No. 327 (rows 7-18).)

[2] (Decl. of Alan G. Carlson ¶ 31, Apr. 20, 2017, Docket No. 294; Sealed Ex. 19 at 13, 28, 36-37, 42, 56, 69, 77, 81, Apr. 20, 2017, Docket No. 296 (demonstrating that Carlson Caspers billed DAI for data-hosting and management costs listed in rows 7-18).)

- 4 -

1988) ("[A] district court [has] authority, in cases of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award made under Section 285.").

### 4. Leave to Supplement

DAI seeks leave to supplement its attorney-fees request to include fees and expenses incurred since it filed its second motion and supporting documents. The Court has already determined that DAI may recover some fees and expenses associated with its first attorney-fees motion, and DAI included those fees and expenses in its second motion. The Court will therefore deny DAI's request. The cycle of billing and supplementing must eventually stop.

### B. M-I's Objections

### 1. Reasonableness of Fees

M-I makes several objections to the Magistrate Judge's determination that most of the fees and expenses that DAI seeks are reasonable.

First, M-I objects to the Magistrate Judge's recommendation that DAI be awarded fees after October 15, 2015, "the date M-I estimates it would have decided to dismiss the case had it been timely provided with discovery it alleges was withheld by DAI." (R&R at 6.) But the work done after that date was not "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). DAI had difficulty complying with M-I's discovery requests, including M-I's 30(b)(6) deposition request. (*Cf.* Mem. Supp. Mot. Protective Order, Sept. 24, 2015, Docket No. 108.) Moreover, M-I did not have an objectively reasonable basis to bring its claims against DAI in the first

place. Federal courts routinely award attorney fees for work done after the point at which it can be determined a patent lawsuit lacked merit. *See Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, No. 12-1285, 2016 WL 3436396, at *1 (D. Del. June 15, 2016).

Second, M-I objects to the Magistrate Judge's conclusion that the rate billed by DAI's lead counsel, Alan Carlson, was reasonable. On this point, M-I largely repeats the same arguments it made before the Magistrate Judge. While the Court agrees that Carlson's rate is somewhat high for the Twin Cities generally, his rate is not unreasonable. Rates for patent lawyers are often exceptionally high relative to other practice areas, and patent litigators often have a national practice, reducing the importance of geographic location. (*See* Sealed Decl. Kenneth A. Liebman ¶ 25, Apr. 20, 2017, Docket No. 300.) Based on Carlson's experience, the Court expects that his rate would be higher than the average rate in the Twin Cities area. (*Id.* ¶ 15.)

Third, M-I objects to the Magistrate Judge's recommendation that DAI be awarded fees in connection with disputes related to inspections of ships accused of employing M-I's patented technology. But those disputes involved complicated issues of ownership and control – and the disputes were important to DAI, necessitating increased work by Carlson Caspers and Carlson. [3]

---

[3] The Magistrate Judge's recommendation – that the fees incurred in connection with DAI's motion for attorney fees be reduced by 35% – was not arbitrary, as M-I suggests. It was based on the finding that more than 100 hours spent preparing for the hearing was excessive. (R&R at 28-30.)

Finally, M-I objects to the Magistrate Judge's recommendation for a $50,000 reduction because the reduction is unexplained.  But the R&R lays out the rationale for discovery disputes that DAI could have avoided, including, "disputes about the production of engineering drawings and information concerning the Limitada systems following the pretrial scheduling conference."  (R&R at 48.)[4]  The Court will therefore overrule M-I's objections in these respects and adopt these portions of the R&R.

### 2.    Costs Under § 285

M-I insists, as a legal matter, the Court may not award litigation costs under § 285, and that, in its previous order, the Court did not award DAI costs under § 285.  M-I is incorrect on both counts.  First, as M-I concedes, costs are awardable under § 285 if they are "necessary for the case."  *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1069 (Fed. Cir. 1983).  Second, the Court clarifies that it **did**, in its previous order, award DAI costs under both Federal Rule of Civil Procedure 54(d) and § 285, notwithstanding anything in that order to the contrary.  The Court adopted the Magistrate Judge's R&R, and nothing in that R&R "drew a distinction between DAI's entitlement to attorneys' fees and its entitlement to costs under [§ 285], nor [did] M-I point to authority justifying such a distinction."  (R&R at 38.)  The Court will therefore overrule M-I's objection in this

---

[4] M-I points out an apparent contradiction in the R&R, that in one place it recommends not excluding fees associated with discovery disputes over ship inspections (R&R at 21), but elsewhere recommends no reduction associated with Carlson's role in those disputes because "[t]he Court has already recommended a reduction in the award of fees attributable to the various skirmishes concerning the ship inspections," (R&R at 31).  The Court finds that the "reduction" the R&R refers to is to the $50,000 reduction for "subsequent discovery disputes" (R&R at 12), which the Court finds encompasses an appropriate reduction for Carlson's level of involvement in the ship-inspection disputes.

respect, adopt this portion of the R&R, and award DAI costs under both Rule 54(d) and §
285.

## III.    AWARD CALCULATION

The Court will award DAI $1,372,064.37, which comprises $1,332,087.57 in fees
and $39,976.80 in costs. The $1,332,087.57 fees award is determined by taking the total
request of $1,563,118.00 for the district-court litigation and subtracting:

- $50,000.00 for fees relating to disputes about the production of engineering
  drawings and information concerning the Limitada systems following the pretrial
  scheduling conference;

- $35,870.63 for unnecessary work to prepare and file a premature summary
  judgment motion;

- $32,856.00 for hours billed in connection with unasserted antitrust and Rule 11
  claims; and

- $112,303.80 for excessive preparation for the hearing on attorney fees.

The $39,976.80 costs award is determined by taking the total request of $46,832.77 and
subtracting:

- $3,300.00 for translation fees not demonstrated to be directly related to the
  litigation at issue;

- $242.30 for costs related to service of a third-party subpoena on Macawber
  Engineering;

- $2,868.20 for printing costs not demonstrated to be directly related to the litigation
  at issue; and

- $445.47 for postage and courier costs expended to submit the IPRs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Defendant's Objections [Docket No. 375] are **SUSTAINED IN PART and**

**OVERRULED IN PART**.

2.      Plaintiffs' Objections [Docket No. 376] are **OVERRULED**.

3.      The Magistrate Judge's Report & Recommendation [Docket Nos. 367 &

378] is **ADOPTED IN PART and REJECTED IN PART**, consistent with this

Memorandum Opinion and Order.

4.      Defendant's Motion for Attorney Fees and Costs [Docket No. 285] is

**GRANTED IN PART and DENIED IN PART**.

5.      Plaintiffs M-I Drilling Fluids UK Ltd. and M-I LLC shall pay Defendant

Dynamic Air Inc. $1,372,064.37.

6.      Prejudgment interest is **NOT AWARDED**.


DATED:  March 20, 2018                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                Chief Judge
                                                United States District Court